FILED
United States Court of Appeals
Tenth Circuit

May 17, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CAMILO BENITEZ-DIAZ, a/k/a Orlando
Sausedo-Ramos,

      Defendant - Appellant.

No. 09-3285
(D. Kan.)
(D.C. No. 6:07-CR-10084-WEB-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.

34.1(G). This case is submitted for decision on the briefs.

Following a remand for resentencing, the district court sentenced Camilo Benitez-

Diaz, also known as Orlando Sausedo-Ramoz, to 108 months imprisonment, at the low-

end of the advisory guideline range. Benitez-Diaz appeals from that sentence. His court-

appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 138 (1967),

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

stating "the appeal presents no legally non-frivolous questions." (Anders Br. at ii.)

Counsel also filed a motion to withdraw. After being advised of his right to respond to

counsel's *Anders* brief, Benitez-Diaz submitted a *pro se* brief. Reading his brief

charitably,[1] and in conjunction with counsel's *Anders* brief, Benitez-Diaz argues his

sentence is substantively unreasonable. This claim is not supported by the record and, in

any event, does not call into question the substantive reasonableness of the sentence.

After conducting a full examination of the record, we grant counsel's motion to withdraw

and dismiss this appeal.

## I.    BACKGROUND

Benitez-Diaz pled guilty to three counts of distribution of methamphetamine in

violation of 21 U.S.C. § 841(a)(1) and was sentenced to 108 months imprisonment. He

filed a direct appeal raising various challenges to his plea and his sentence. We held,

*inter alia*, Benitez-Diaz was denied proper allocution and remanded for resentencing in

accordance with Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure. *See*

*United States v. Benitez-Diaz*, 320 Fed. Appx. 868, 875 (10th Cir. 2009) (unpublished).

Benitez-Diaz was resentenced on September 23, 2009. He appeared by telephone

after signing a waiver of personal appearance. He was represented by counsel at the

hearing and had the assistance of an interpreter. Benitez-Diaz advised the court he had

seen the Presentence Investigation Report (PSR), which had been translated into Spanish

for him, and had reviewed it with his attorney. He stated he had no objection to the PSR.

_____

[1] We liberally construe pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318
F.3d 1183, 1187 (10th Cir. 2003).

After explaining the proposed findings of fact and tentative sentence, the judge asked Benitez-Diaz if he would like to make a statement "in mitigation of punishment." (R. Vol. III at 10.) Through an interpreter, Benitez-Diaz stated he was sorry and committed the crime "because of my ignorance." (*Id.*) He asked the judge "if he would lower [his] sentence . . . because of [his] family." (*Id.* at 11.) He stated he could not read. The court sentenced Benitez-Diaz to 108 months imprisonment, at the low end of the range set forth in the PSR (108 to 135 months).

## II. DISCUSSION

Under *Anders*, if counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. With his motion to withdraw, counsel must submit a brief "referring to anything in the record that might arguably support the appeal." *Id.* The defendant must have the opportunity to review counsel's brief and "raise any points that he chooses" to the court. *Id.* The court must then conduct a full examination of the record to determine "whether the case is wholly frivolous." *Id.* If the court concludes the case is frivolous, it may grant counsel's motion to withdraw and dismiss the appeal. *Id.*; *see also United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (discussing *Anders* procedure).

Benitez-Diaz claims the sentence is substantively unreasonable because he is illiterate and "did not understand his sentencing or anything his lawyer said at sentencing." (Appellant's Anders Br. at 3.) Benitez-Diaz does not point to anything in the record which supports his claimed lack of understanding. On the contrary, the

transcript of the sentencing hearing reflects Benitez-Diaz understood the events that transpired. He clearly and cogently answered the judge's questions, through an interpreter, and made a statement on his behalf. In any event, the sentence imposed was substantively reasonable.

We review the substantive reasonableness of a sentence under an "abuse-of-discretion standard." *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008), *cert. denied*, 129 S.Ct. 1391 (2009). A sentence is substantively unreasonable "if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted). Where, as here, the sentence imposed is within the properly calculated guideline range, there is a presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). This presumption can be rebutted if the defendant shows the sentence imposed is unreasonable in light of the factors set forth at 18 U.S.C. § 3553(a). *See id.*

Benitez-Diaz accurately recites this law, but does not argue the sentence he received is unreasonable in light of the § 3553(a) factors. We refuse to hold a sentence is substantively unreasonable on account of a represented defendant's illiteracy or his late blooming claim of inability to understand what was said at sentencing (made in the face of a transcript clearly indicating the opposite). The judge discussed the § 3553(a) factors and stated the sentence "is sufficient but not greater than necessary and serves the purpose of sentencing by incapacitating and punishing the defendant for a period of time." (R. Vol. III at 9.) After conducting a full examination of the record, we conclude

the court did not abuse its discretion at sentencing and this appeal is frivolous.[2]

We **GRANT** court-appointed counsel's motion to withdraw and **DISMISS** this appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[2] Though Benitez-Diaz does not raise the issue, we note there was no procedural error.